## Commonwealth v. Joseph

*Raymond D. Evans*, for petitioner.

ADAMS, J., July 7, 1948.—The Department of Welfare of the Commonwealth of Pennsylvania has presented a petition asking that Richard Joseph, an inmate of the Pennsylvania Institution for Defective Delinquents, be discharged. (Before March 1, 1945, the institution was known as the Pennsylvania Industrial School, Huntingdon.) He was sentenced by this court on April 1, 1943, after a plea of guilty to an indictment charging public indecency, to ". . . imprisonment in the Pennsylvania Industrial Reformatory at Huntingdon, Pa., as the law directs . . ." On April 6, 1943, Joseph was received in the institution and has remained there since. On May 4, 1944, the report of a commission was approved and the court found "that Richard Joseph . . . is defective and that he is of criminal tendency," and directed that he "be committed as a defective delinquent to the Pennsylvania Industrial School at Huntingdon—until the further order of court". (See Act of May 25, 1937, P. L. 808, sec. 2, as amended by the Act of June 20, 1947, P. L. 672, sec. 1, 61 PS §541.3.)

There is attached to the petition (as required by the Act of 1937, sec. 9, as amended by the Act of 1947, sec. 1, 61 PS §541.9) the opinion of the superintendent of the institution and a psychiatrist as to the "present mental condition" of the inmate. The former states that Joseph has worked at assignments which constitute a "logical pre-parole step" and recommends "that he be released to the parole plan which has been investigated and approved by the Allegheny County Quarter Sessions Court Probation Department". The psychiatrist's opinion states that Joseph is "ready for parole". The institutional record of the case shows that in the opinion of the institution's psychologist (as of June 6, 1943) Joseph needed "relatively permanent institutional care." From what

has been stated it seems clear that petitioners recommend that Joseph be released on parole.

Legislation relating to the institution empowers quarter sessions to release inmates on parole. (See Act of 1937, supra, sec. 9, 61 PS §541-9.) By this act the court's power is extended to include inmates of the institution. In all other respects, the limitations on the power to parole remain the same. Favorable action on this petition is precluded by the following limitation: The power of quarter sessions court to parole "shall extend for a period not to exceed the maximum sentence provided by law for the offense of which the convict was convicted": Parole Act of June 19, 1911, P. L. 1059, sec. 1, 1921, P. L. 379, sec. 1, 1923, P. L. 204, sec. 1, 61 PS §314.

Joseph was first received at the institution under authority of the court's sentence. It was under authority of this sentence that he was held there until a year had elapsed. The maximum sentence provided for public indecency is one year: Penal Code of June 24, 1939, P. L. 872, sec. 519, 18 PS§4519. It follows that quarter sessions is now without power to release Joseph on parole.

Obviously this is a case where an individual, having served the maximum sentence as a criminal, has continued to remain in custody for four years more as a defective delinquent. Until appropriate legislation is enacted, a defective delinquent, in Joseph's position, must be released without supervision or remain in the institution until his freedom without supervision will not be incompatible with the welfare of society.

The petition recommends that Joseph be released on parole. It does not unequivocally recommend that he be released absolutely, or without supervision. The court lacks power to do what is recommended. Under the circumstances pointed out, we should not do what is not recommended. The petition must be dismissed.